# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00473-CR

**Travis Lavel Ghant, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
## NO. 53391, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Travis Lavel Ghant guilty of sexual assault of a child. *See* Tex. Pen. Code Ann. § 22.011 (West Supp. 2005). The court assessed punishment, enhanced by previous felony convictions, at imprisonment for life. Appellant contends that the court erred by overruling two of his jury challenges and by permitting the State to offer evidence of the complainant's prior sexual conduct. We find no reversible error and affirm the conviction.

The complainant testified that appellant forced her to have sexual intercourse with him on numerous occasions between September 1999 and July 2000. She made her first outcry in early 2002, when she was told that appellant was planning to return to the Killeen area.

In his first point of error, appellant contends that the trial court erred during jury selection by refusing his request for two additional peremptory strikes. Whether appellant was

entitled to the additional strikes depends on whether the trial court should have granted appellant's challenges for cause to two venire members. *See Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992). We review a ruling on a challenge for cause with considerable deference and will reverse only if a clear abuse of discretion is shown. *Newbury v. State*, 135 S.W.3d 22, 32 (Tex. Crim. App. 2004).

The first of the two challenged venire members said during individual questioning that he had two daughters aged eleven and eighteen. The older daughter was sexually abused when she was fifteen, and the venire member had "mixed feeling about . . . whether I can be fair to the accused." When asked if he would favor the State, he answered, "I can't answer that, sir." Asked if he would require the defense to present evidence, he replied, "I can't really answer that. I got to hear the case." He indicated that he would "probably" like to hear the defendant testify, but he understood the right to remain silent and would follow the law. He added, "I will follow the law. I will try to be fair on my decision but it will be real difficult for me to hear the case."

The second challenged venire member had been sexually assaulted when she was five. When asked if it would be difficult for her to put aside her personal experience and decide this case on the evidence, she first said that it would but then said that it would not. In response to questions by defense counsel, she said that she would want to hear the defendant testify before deciding the case. But when questioned by the prosecutor, she stated that she would follow the law and not take the defendant's silence as evidence of guilt. She agreed that she "would have to look at all the evidence and the facts" before deciding whether appellant was guilty.

Appellant did not specify the grounds for his challenges at trial, and he does not do so on appeal. We infer that appellant contends that the venire members in question were biased against him or the law on which he was entitled to rely, specifically the right to remain silent. *See* Tex. Code Crim. Proc. Ann. art. 35.16(a)(9), (c)(2) (West Supp. 2005). Although both venire members indicated that their personal experiences would make it difficult for them to serve, neither expressed a bias against appellant or in favor of the State. The two venire members expressed a preference for hearing the defendant testify, but were willing to follow the law and base their verdicts on the evidence. We find no clear abuse of discretion in the trial court's denial of the challenges for cause. It follows that appellant was not entitled to additional peremptory strikes. Point of error one is overruled.

In his second point of error, appellant complains that the trial court erred by permitting the State to offer evidence of the complainant's prior sexual conduct in violation of rule 412. *See* Tex. R. Evid. 412. Outside the jury's presence, the complainant testified that she had been sexually abused by an uncle several years before the assault for which appellant was on trial, and that this earlier abuse did not involve the penetration of her sexual organ. Appellant asked the court for permission to question the complainant about this earlier abuse in order to rebut or explain the anticipated medical testimony. *See id*. rule 412(b)(2)(A). The request was denied. In separate rulings, the court also denied appellant permission to question the outcry witness and the complainant's counselor about this earlier abuse. Appellant does not challenge these rulings on appeal.

3

After these rulings were made, the State called the sexual assault nurse examiner who examined the complainant in April 2002 following the outcry against appellant. The nurse testified that the complainant's hymen had been torn, apparently by blunt force trauma. The laceration was well-healed. The witness could not date the laceration or state that it was the result of a sexual assault.

The State then recalled the complainant. Over appellant's objection, she was permitted to testify that appellant was the only person with whom she had sexual intercourse prior to the date of the nurse's examination. She also testified that no object had ever been forced into her vaginal opening. It is the admission of this testimony that appellant contends was error.

No violation of rule 412(b) is shown. The rule generally prohibits the admission of evidence of specific instances of an alleged sexual assault victim's past sexual behavior. Tex. R. Evid. 412(b). The complainant's testimony did not violate this rule because it concerned the *absence* of past sexual behavior.[1] Point of error two is overruled.

We received a pro se brief from appellant. Although hybrid representation is not allowed, we have reviewed the pro se brief in the interest of justice. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The pro se brief relies on asserted facts not contained in the record and adds nothing to the brief filed by counsel.

---

[1] This distinguishes the evidence adduced by the State from the evidence appellant was not permitted to offer. We also note that the uncle's prior abuse would not have rebutted or explained the State's medical evidence because the complainant said that her uncle did not penetrate her vagina.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   April 13, 2006

Do Not Publish

5